

FINKEL GOLDSTEIN
ROSENBLOOM & NASH, LLP
Kevin J. Nash, Esq. (KJN-6274)
Attorneys for the Plaintiffs
26 Broadway, Suite 711
New York, New York 10004
Telephone: (212) 344-2929

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GRISTEDE'S FOODS, INC. and
NAMDOR, INC.

                              Plaintiffs,

       -against-

UNITED FOODS AND COMMERCIAL WORKERS
UNION LOCAL 342 together with its related Health
Care Fund,

                              Defendant.
------------------------------------------------------------x

Civil Action
No.    08-CV-3803 (LAK)
       ECF Case

**COMPLAINT**

       The plaintiffs herein, Gristede's Foods, Inc. and Namdor, Inc., by their attorneys, Finkel Goldstein Rosenbloom & Nash, LLP, as and for their complaint against the defendant United Food and Commercial Workers Union Local 342 together with its related Health Care Fund, represents and shows this Court as follows:

### PARTIES

       1.     The plaintiffs herein, Gristede's Foods, Inc. and Namdor, Inc. (collectively "Gristede's") are corporations exiting under the laws of the State of Delaware, with offices at 823 Eleventh Avenue, New York, New York 10019.

2. Upon Information and belief, the defendant United Food and Commercial Workers Union 342 together with its related Health Care Fund ("Local 342") is a labor organization existing under the laws of New York, with offices at 166 East Jericho Turnpike, Mineola, New York 11501.

## JURISDICTION

3. This is an action for declaratory judgment to specify the parties' respective rights and obligations concerning the appropriate due date for the payment of monthly health care contributions in the wake of a purported amendment to a certain Declaration of Trust by Local 342. The amendment is invalid and otherwise inconsistent with the terms of the parties' prior so-ordered settlement entered in Civil Action No. 04 CIV 7026(GEL) on May 29, 2005, a copy of which is annexed hereto as Exhibit "A" (the "Stipulation").

4. The Court retained jurisdiction over the collection of future contributions pursuant to paragraph 17 of the Stipulation. Additionally, the Court has federal subject matter of jurisdiction over this action pursuant to 28 U.S.C. § 1331 due to the fact that the controversies and disputes arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and the Federal Declaratory Judgment Act.

## BACKGROUND

5. Heretofore, Gristede's has been a party to certain collective bargaining agreements with the United Food and Commercial Workers Union,

including a current Memorandum Agreement (the "Memorandum") with Local 342 which expires on December 20, 2009.

6. Upon information and belief, Local 342 is the successor by merger to Local 174 and succeeded to all of the terms of the Stipulation on behalf of Local 342 Health Care Fund.

7. Previously, various disputes arose between Gristede's and Local 174 regarding the payment of contributions. These disputes were ultimately resolved in 2005 pursuant to the Stipulation after commencement of formal legal proceedings.

8. Since 2005 Gristede's has substantially complied with the terms of the Stipulation without further need for judicial involvement.

9. Historically, all monthly health and pension contributions arising under the parties respective collective bargaining agreements, including the current Memorandum, were due and payable on the tenth (10th) day of the succeeding month. Among other things, this schedule took into account that a particular employee's eligibility and entitlement to benefits depended on the status of his or her employment during the preceding month.

10. The Stipulation duly recognized that Gristede's monthly health care contributions were due on the tenth day of the succeeding month. To this effect, paragraph 7 of the Stipulation expressly provided in part as follows:

> "In addition to the payments set forth in paragraph 6 above, Defendants (Gristede's) shall submit all monthly contributions and remittance reports due the Funds, in accordance with the

3

terms of the collective bargaining agreement, commencing with the month of April 2005, not later than the 10th of the month following the month in which the contributions and remittance reports represent. . . ."

11. The Stipulation also expressly provided that all terms and conditions were binding on the parties' respective "successors and assigns." Additionally, there can be no changes or modifications to the Stipulation except by a "writing signed by all parties thereto". (See ¶¶ 21 and 22).

12. After approval of the Stipulation, Local 342 and its predecessor regularly and consistently acknowledged that Gristede's was required to pay contributions for the health and pension funds on the 10th day of the succeeding month.

13. Gristede's, in turn, duly relied upon the terms of the Stipulation, replete with the due date for future contributions, in making financial budgets and projections and otherwise managing its cash flow.

14. Notwithstanding the foregoing and without prior notice to Gristede's, Local 342 unilaterally altered and amended the terms of the Stipulation to establish a new billing practice by which Gristede's became obligated to pay contributions in advance of the first day of each month effective January 1, 2008. Thus, by way of example only, contributions for February of 2008 were due on February 1, 2008, instead of March 10, 2008.

15. Local 342 sought to justify this unilateral change and amendment pursuant to purported rights reserved under a prior collective

4

bargaining agreement predating the Stipulation, which, _inter alia_, provided that Gristede's agreed to be bound by a certain "Declaration of Trust as may be amended establishing the Welfare Fund, including the provisions for the collection of contributions."

16. Local 342 further advised that four trustees allegedly convened a conference call on December 4, 2007 to amend the Deed of Trust (the "Proposed Amendment") to establish the new due date for payment of health care contributions on the 1st day of each month.

17. Upon information and belief, not all of the trustees were consulted regarding the Proposed Amendment, including Jack Squicciarini, who has served as a management trustee for many years.

18. Upon information and belief, Mr. Squicciarini was excluded from the amendment process because of his association with Gristede's, suggesting that Local 342 pursued the Proposed Amendment in a secretive manner.

19. The Proposed Amendment is not binding and enforceable for, at least, the following reasons:

    (a) The underlying Declaration of Trust relates to a now extinct welfare fund maintained by Local 635 in 1975. Upon information and belief, the Declaration of Trust was not properly continued over the years to correspond to evolving changes in union organization and structure and is otherwise

5

vague and ambiguous as to Local 342/s purported right to alter payment due dates.

(b) Even if the Declaration of Trust is deemed operative to confer rights to Local 342, the Proposed Amendment was not enacted in conformity with the express terms of the trust. Among other things, amendments to the Declaration of Trust under Article X may only occur after "a special meeting of the Executive Board of the Union" (not trustees), following "written notice which shall contain the proposed amendment." None of these procedures were followed by Local 342, rendering the Proposed Amendment a nullity, while Gristede's management representative was excluded from the process.

(c) Even if the Proposed Amendment is deemed enforceable, the Stipulation controls and overrides since it expressly and specifically relates to prospective monthly contributions after May 2, 2005 and requires that such contributions be paid on the 10th day of the following month. Any changes or modifications to the Stipulation can only be effectuated with Gristede's express consent (which was never obtained).

20. Efforts to arbitrate this issue are futile since Local 342 is closely aligned with the arbitrators under the collective bargaining agreement.

21. Indeed, upon information and belief, Local 342 regularly engages in ex-parte communication with the arbitrators and unilaterally adjourned a prior arbitration session without consulting Gristede's, let alone obtaining its consent.

### AS AND FOR A FIRST CLAIM FOR RELIEF FOR DECLARATORY JUDGMENT

22. Gristede's repeats and realleges the allegations contained in paragraphs "1" through "21" of the complaint with the same force and effect as though more fully set forth at length herein.

23. There currently exists a question of actual controversy between the parties as to enforceability and effectiveness of the Proposed Amendment in light of the Stipulation.

24. As pleaded above, Gristede's is not obligated to pay monthly health care contributions prior to the tenth (10) day of the succeeding month since the Proposed Amendment is a nullity and does not otherwise overrule the Stipulation.

25. In any event, the Proposed Amendment only covers welfare benefits and does not cover any other benefits, creating an untenable situation where contributions are due from Gristede's during different parts of the month without uniformity.

26. That by reason of the foregoing, Gristede's is entitled to a declaratory judgment finding that the Proposed Amendment is invalid and

ineffective as a matter of law and fact, and further declaring and finding that payment of monthly contributions for health care benefits continues to be due on the tenth (10) day of the succeeding month.

WHEREFORE, Gristede's prays for a declaratory judgment consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
April 21, 2008

>
> FINKEL GOLDSTEIN
> ROSENBLOOM & NASH, LLP
> Attorneys for Gristede's
> 26 Broadway, Suite 711
> New York, New York 10004
> (212) 344-2929
>
> By: _____
> KEVIN J. NASH (KJN-6274)
> A Member of the Firm

EXHIBIT A

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 5/2/05

04CIV. 7026(LAK)

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT made this 26th day of April, 2005 between and among Plaintiffs, UFCW Local 174 Commercial Health Care Fund, whose address is 540 West 48th, New York, New York (the "Health Care Fund"), UFCW Local 174 Retail Pension Fund, whose address is 540 West 48th, New York, New York (the "Pension Fund") and Defendants, Gristede's Foods, Inc. and Namdor, Inc. d/b/a Namdor #4782 ("**Namdor #4782**") whose principal place of business is 823 Eleventh Avenue, New York, New York 10019; Gristede's Foods, Inc. and Namdor, Inc. d/b/a Namdor #4784 ("**Namdor #4784**") whose principal place of business is 823 Eleventh Avenue, New York, New York 10019; Gristede's Foods, Inc. d/b/a Gristedes #4226 ("**Gristedes #4226**") whose principal place of business is 823 Eleventh Avenue, New York, New York 10019; Gristede's Foods, Inc. d/b/a Gristedes #4229 ("**Gristedes #4229**") whose principal place of business is 823 Eleventh Avenue, New York, New York 10019; Gristede's Foods, Inc. d/b/a Red Apple #4059 ("**Red Apple #4059**") whose principal place of business is 823 Eleventh Avenue, New York, New York 10019; and Gristede's Foods, Inc. d/b/a Supermarket Acquisitions #4744 ("**Supermarket Acquisitions #4744**") whose principal place of business is 823 Eleventh Avenue, New York, New York 10019 (the "Agreement").

## RECITALS

**WHEREAS**, the Defendants acknowledge that they are obligated to the Health Care Fund and Pension Fund (collectively referred to hereinafter as the "Funds") to timely make contributions to the Funds;

**WHEREAS**, as a result of the Defendants delinquency in making contributions to the Funds for the month of April 2004 through March 2005, the Funds proceeded with arbitrations in

MICROFILM MAY - 4 2005 3:00 PM

accordance with the Collective Bargaining Agreement entered into between UFCW Local 342 and the Defendants;

WHEREAS, as a result of the arbitration hearings, three (3) Arbitration Awards were rendered against the Defendants on August 24, 2005, October 26, 2005 and March 30, 2005 (collectively referred to hereinafter as the "Arbitration Awards"), copies of which are attached hereto as Exhibit A and made a part hereof;

WHEREAS, because the Defendants failed to pay the Arbitrations Awards, in whole or in part, the Funds commenced a lawsuit in the United States District Court for the Southern District of New York to, among other things, enforce the Arbitration Awards, entitled *UFCW Local 174 Commercial Health Care Fund, UFCW Local 174 Retail Pension Fund v. Gristede's Foods, Inc., et al.*, bearing Civil Action No. 04 CV 7026 (GEL) (hereinafter referred to as the "Action");

WHEREAS, the Defendants have made several payments toward contributions for the period from April 2004 through March, 2005, and are now current, but failed to pay the liquidated damages, interest, attorneys fees and arbitration fees as set forth in the Arbitration Awards, and failed to pay attorneys fees and costs incurred to enforce the Arbitration Awards in connection with the Action;

WHEREAS, the defendants have agreed to pay the amounts owed, plus interest, arbitration fees and attorney's fees in accordance with the following terms and conditions;

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein, the parties hereto agree as follows:

1. Defendants have been and remain obligated to submit monthly remittance reports, dues and contributions to the Union, Health Care Fund and Pension Fund. Defendants' obligations

arise under the terms of a collective bargaining agreement with the Union and the Trust Agreement governing the Funds for which Plaintiffs brought the Action, and under Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

2. Defendants failed to make timely contribution payments to the Funds for the period from April 2004 through March 2005, and failed to pay interest, liquidated damages, arbitration fees and attorney's fees and costs in connection with the Action.

3. The following amounts are due to the Funds by the Defendants as a result of Defendants' failure to make timely contributions to the Health Care Fund and Pension Fund as set forth above, and failure to pay interest, liquidated damages, arbitration fees and attorney's fees and costs in connection with the Action:

| | |
|---|---|
| Interest: | $18,627.25 |
| Liquidated Damages: | $143,763.80 |
| Attorney's Fee: | $39,000 |
| Litigation Costs: | $2,246.60 |
| Arbitration Fee: | $2,250 |
| Total Amount Due: | $205,887.65 |

4. The above-listed amounts have been agreed to by the parties.

5. Liquidated Damages agreed to by all parties is $143,763.80. Liquidated Damages shall be held in abeyance pending full compliance with all of the terms and conditions of this Agreement. However, if the Defendants default as defined herein (including the failure to make timely payments of prospective contributions to the Funds), and the default is not cured by payment of the principal contributions within the time prescribed herein, the amount of the Liquidated Damages shall be due and payable immediately, in addition to all monies due and owing as set forth in paragraph 14 below. No provision of this Agreement shall be construed

to constitute a waiver of the Funds' entitlement to collect Liquidated Damages on any contributions not paid when due.

6. Simultaneously with the execution of this Agreement, the Defendants shall pay and deliver the following amounts to the following entities:

    (a)    $18,627.25 payable to the UFCW Local 174 Health Care Fund, which shall be hand delivered to Andrew John Calcagno, counsel to the Funds, at Calcagno & Associates, *Spencer Savings Bank Building*, 213 South Avenue East, Cranford, New Jersey 07016;

    (b)    $39,000 payable to Andrew John Calcagno and hand delivered to Calcagno & Associates, *Spencer Savings Bank Building*, 213 South Avenue East, Cranford, New Jersey 07016;

    (c)    $2,246.60 payable to Andrew John Calcagno and hand delivered to Calcagno & Associates, *Spencer Savings Bank Building*, 213 South Avenue East, Cranford, New Jersey 07016;

    (d)    $2,250 in arbitration fees payable to the UFCW Local 174 Health Care Fund, which shall be hand delivered to Andrew John Calcagno, counsel to the Funds, at Calcagno & Associates, *Spencer Savings Bank Building*, 213 South Avenue East, Cranford, New Jersey 07016;

7. In addition to the payments set forth in paragraph 6 above, Defendants shall submit all monthly contributions and remittance reports due the Funds, in accordance with the terms of the collective bargaining agreement, commencing with the month of April 2005, not later than the 10th of the month following the month in which the contributions and remittance

4

reports represent. All contributions and reports should be sent to UFCW Local 174 Affiliated Trust Funds located at 540 West 48th Street, New York, New York 10036.

8. The Defendants shall pay all prospective monthly contributions, commencing with the month of April 2005, on or before the date such contributions are due. Failure of the Defendants to remain current with the payment of prospective contributions shall constitute a default under this Agreement, entitling the Plaintiffs to any and/or all of the remedies provided for in this Agreement, in addition to Plaintiffs' remedies under ERISA.

9. Defendants shall be considered to be in default if any payment due under this Agreement, subject to a cure period as prescribed in paragraph 13 below or if any check in payment of any obligation under this Agreement is dishonored by Defendants' bank. Additionally, Defendants will be considered in default if Defendants begin proceedings under the United States Bankruptcy Code or under state insolvency law, if such proceedings are instituted against Defendants, or if any attachment is issued or consummated against any Defendants' property. In the event of default, including, but not limited to, the institution by or against Defendants of federal or state insolvency proceedings, Plaintiffs shall be entitled to apply any payments received under this Agreement or otherwise to any sum due Plaintiffs, regardless of when such sums were due.

10. Simultaneously with the execution of this Agreement, the Defendants shall execute two original Affidavits of Confession of Judgment in the form annexed hereto, which shall be entered with a court of competent jurisdiction in the event the Defendants fail the cure the default as set forth in this Agreement.

11. In the event of default, and said default is not cured within the time prescribed in paragraph 13 below, Plaintiffs may immediately execute upon the Confession(s) of Judgment. Any and

all provisions of the Confession(s) of Judgment may be enforced by the court that entered it, by the court through which it is executed, or by any other court of competent jurisdiction.

12. The amounts set forth in this Agreement are based upon representations made by Defendants. In the event that any of those representations are found to be incorrect or incomplete, Defendants will be considered to be in default of this Agreement.

13. In the event Defendants are in default under this Agreement, the Funds and/or counsel for the Funds will notify the defendants' attorney, Nicholas Katsoris, Esq., via regular mail and facsimile at (212) 974-0786, John Catsimatidis via facsimile at (212) 247-4509 and Jack Squicciarini via facsimile at (212) 247-4509 of Defendants' default. Defendants will have seven (7) days from the date the Defendants are notified of said default via facsimile to cure the default by making and delivering the delinquent contributions (principal only) to the Fund Office within the time prescribed herein. **TIME IS OF THE ESSENCE.** Payment of the principal contribution amounts shall be deemed a cure of the default under the terms of this Agreement. If defendants fail to cure the default as set forth herein within the prescribed time, the Funds, through its counsel, may file the Confession(s) of Judgment and Affidavit(s) of Confession of Judgment in the form annexed hereto as Exhibit A, without further notice to the Defendants or its counsel.

14. In the event the Defendants default under this Agreement, and fail to cure same within the time prescribed herein, an affidavit executed by counsel for the Funds, or by any other authorized representative of the Funds, shall constitute conclusive proof of a claim for and the amount of any sums due to the Funds as delinquent contributions, interest, liquidated damages, attorneys' fees, arbitration fees and costs. In that event, the Plaintiffs may, at their

sole discretion, complete the executed Affidavits of Confession of Judgment and Confessions of Judgment as prescribed by paragraph 13 above.

15. In the event of an uncured default of this Agreement, all unpaid sums under paragraphs 3, 4, 5 and 6 of this Agreement, along with all Liquidated Damages set forth in paragraph 5 above, shall immediately become due and payable in full. In addition, in the event of default, Defendants shall pay the following:

   (a) Interest at the rate of 18 percent (18%) per annum from the date the Funds were entitled to payment of contributions until payment is made;

   (b) Attorneys' fees at the rate of $395 per hour, plus costs incurred to collect the sums due, enforce this Agreement, and/or execute upon the Confession(s) of Judgment which are attached hereto as Exhibit A; and

   (c) Liquidated Damages in the amount of twenty percent (20%) of all unpaid contributions.

16. Acceptance by Plaintiffs of one or more late or partial payments shall not constitute a waiver of Plaintiffs' right to demand that payment be on time and in full for all subsequent payments. Failure or delay by the Funds to enforce this Agreement or execute upon the Confession(s) of Judgment shall not constitute a waiver of Plaintiffs' rights to collect all sums due under this Agreement, the Confession of Judgment, any collective bargaining agreement, or Section 502(g)(2) of ERISA. Additionally, Defendants waive formal presentment, demand, protest, notice of protest, and other formalities that could be required of Plaintiffs in the event of an uncured default by Defendants.

17. The Honorable Gerard E. Lynch, United States District Judge for the Southern District of New York, shall retain jurisdiction over the enforcement of this Agreement. In the event the

Defendants default under this Agreement as prescribed herein, the Plaintiffs shall have the unfettered right to seek judicial intervention by the Court, as evidence by Judge Lynch's signature on the last page of this Agreement.

18. In the event that Defendants shall fail to pay prospective contributions due in full and on time, Defendant shall be in violation of the Agreements and Declarations of Trust governing the Funds and shall be subject to, amount other things, injunctive relief pursuant to the provisions of Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. Sections 1132(g)(2) and 1145. Defendants hereby waive any purported objection or defense that Defendants could assert regarding lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, limitations, or laches, in the event such an action is brought under ERISA.

19. Should any provision of this Agreement be determined by a court of competent jurisdiction to be void or unenforceable, the remaining provisions shall remain valid and enforceable at the discretion of Plaintiffs.

20. This Agreement shall be deemed executed in the State of New York and shall be governed by the laws of the State of New York, except as required by ERISA or other applicable federal law. This Agreement sets forth the entire Agreement of the parties hereto regarding the settlement of the Action.

21. This Agreement may not be changed orally, but may be changed only by a writing signed by all of the parties hereto.

22. This Agreement shall be binding upon all parties hereto, and their subsidiaries, affiliates, successors, assigns, heirs, executors, agents, servants, representatives, employees, shareholders, officers and directors.

23. The persons executing this Agreement on behalf of the parties are duly authorized to execute this Agreement and to bind the respective parties to all of its terms.

24. By executing this Agreement, Defendants waive any and all separate and affirmative defenses it has or may have had under law or in equity.

25. Simultaneously with the execution of this Agreement, counsel for the parties shall execute a Stipulation of Dismissal without prejudice, with the Court retaining jurisdiction over the enforcement of this Agreement.

26. The WHEREAS clauses set forth above are incorporated herein by reference and made a part hereof.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

UFCW LOCAL 174 COMMERCIAL
HEALTH CARE FUND

BY: _____
LISA O'LEARY
L174 Affiliated Funds - Coordinator

GRISTEDE'S FOODS, INC. D/B/A
REDAPPLE, SUPERMARKET
ACQUISITIONS, GRISTEDES
AND NAMDOR, INC. D/B/A NAMDOR

BY: _____
JOHN CATSIMATIDIS, Chairman

UFCW LOCAL 174 RETAIL PENSION
FUND

BY: _____
LISA O'LEARY
L174 AFFILIATED FUNDS - Coordinator

9

So Ordered:

_____
HONORABLE GERARD E. LYNCH, U.S.D.J.

DATED: 5/2/05